# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

LA'RON D. PHILMORE,      :
      :
    Plaintiff,      :
      :
    v.      : Civ. No. 23-360-CFC
      :
JESSICA FACCIOLO, et al.,      :
      :
    Defendants.      :

---

La'Ron D. Philmore, Howard R. Young Correctional Institution, Wilmington, Delaware.  Pro Se Plaintiff.

## <u>MEMORANDUM OPINION</u>

January 18, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I.   INTRODUCTION

In March 2023, Plaintiff La'Ron D. Philmore, an inmate confined at Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 3)  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 6)  Plaintiff has filed a motion to amend (D.I. 8), which will be granted.  Accordingly, the Second Amended Complaint (D.I. 8) is the operative pleading.  The Court proceeds to review and screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.   BACKGROUND

The following facts are taken from the Second Amended Complaint and assumed to be true for the purposes of screening.

Plaintiff alleges that on a Friday in May 2022, he was on probation and visited a Delaware State probation office, complaining that he was homeless and feeling out of character.  An employee Defendant there told him that she could not help right away, but he should come back the following Wednesday.  Plaintiff then visited a Delaware State Police station and told a Defendant officer that he "want[ed] to turn [himself] in to prevent [him] from catching a case."  (D.I. 5 at 5) The officer apparently declined to arrest him.  Later that day, Plaintiff was

involved in an altercation and was arrested.  The Defendant officer to whom he had spoken remarked, "aren't you the same guy who tried to turn yourself in?" (*Id.* at 6)  The arrest led to Plaintiff's current incarceration, apparently based on a violation of supervision.

Plaintiff asserts that the failure of both the Probation Officer and the Police Officer to help him constituted deliberate indifference, negligence, and failure to protect.  He also appears to bring a claim for false imprisonment.  For relief, he seeks release from prison and damages.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees).  The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because

2

Plaintiff proceeds *pro se*, his pleading is liberally construed and his Second Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12

3

(2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

To the extent that Plaintiff seeks release from prison, "his sole federal remedy is a writ of habeas corpus." *See Garrett v. Murphy*, 17 4.th 419, 430 (3d Cir. 2021) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). To the extent he seeks damages, he fails to state a claim, because he has not asserted a constitutional right violated by Defendants, and indeed, he cannot. *Cf. United States v. Lambus*, 897 F.3d 368, 408 (2d Cir. 2018) (noting that "'[t]here is no

constitutional right to be arrested'") (quoting *Hoffa v. United States*, 385 U.S. 293, 310 (1966)).  Accordingly, the Second Amended Complaint will be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and amendment is futile.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the Second Amended Complaint for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court will issue an Order consistent with this Memorandum Opinion.